**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DWAYNE FERGUSON,**

**Petitioner,**

**v.** **Civil Action No. 1:18cv98**
**(Judge Kleeh)**

**F. ENTZEL, Warden,**

**Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On May 2, 2018, the *pro se* petitioner, an inmate then-incarcerated at FCI Hazelton in Bruceton Mills,[1] West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with a memorandum in support, challenging his one of his convictions and its sentence, imposed in the Eastern District of Virginia. ECF No. 1. With his petition, Ferguson filed a motion to exceed the page limits. ECF No. 2. Pursuant to a Notice of Deficient Pleading, on May 9, 2018, Petitioner paid the five-dollar filing fee. ECF No. 5. By Order entered August 20, 2018, Petitioner's motion to exceed the page limits was granted. ECF No. 7.

On November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 10.

This matter, before the undersigned for review, report, and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Factual and Procedural History[2]

---

[1] Petitioner is presently incarcerated at FCI Beckley, in Beaver, West Virginia.

[2] Unless otherwise noted, the information in this section is taken from the petitioner's criminal docket in Case No. 3:04cr13 in the Eastern District of Virginia, available on PACER. See Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d

**A. Conviction and Sentence**

On July 20, 2004, a Grand Jury in the Eastern District of Virginia issued an 8-count Third Superseding Indictment, charging Petitioner and two co-defendants with multiple counts of drug and weapons charges. ECF No. 49. The Third Superseding Indictment resulted from an investigation that revealed that Ferguson was instrumental in obtaining and maintaining an apartment and a house in order to store and distribute large quantities of cocaine and heroin, and knew of the firearms possessed by members of the conspiracy, including four found by the police at the house. ECF No. 149.

On September 3, 2004 after a 4-day jury trial, Ferguson was convicted of Count One: conspiracy to distribute heroin and cocaine base in violation of 21 U.S.C. § 846; Counts Three and Four: possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1); Count Six: maintaining a place for distribution of controlled substances in violation of 21 U.S.C. § 856; and Count Seven: possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).[3] ECF No. 78.

On February 11, 2005, Ferguson was sentenced to a term of 405 months imprisonment on Counts One, Three, and Four, to be served concurrently with each other and the term imposed on Count Six; a term of 240 months imprisonment on Count Six, to run concurrent with the terms imposed on Counts One, Three, and Four; and a 360-month term of imprisonment on Count Seven, to run consecutive to all other terms of imprisonment, for a total term of imprisonment of 765

176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Ferguson was convicted of possessing a Ruger .45 caliber handgun, an SKS .223 assault rifle, an MP-10 .45 caliber firearm, and a silencer, in furtherance of his drug trafficking. See Verdict Form, E.D. Va. Case No. 3:04cr13-1, ECF No. 235-5 at 5. Moreover, he was found to be the leader of an extensive drug conspiracy that distributed a vast amount of drugs.

months, to be followed by 5-year terms of supervised release on Counts One, Three, Four, and Seven and a 3-year term of supervised release, all terms of supervised release to be served concurrently. ECF No. 117.

**B. Direct Appeal**

Petitioner timely appealed, arguing that (1) the evidence was insufficient to support his convictions; (2) the trial court abused its discretion when it denied his motion for a mistrial; (3) the trial court abused its discretion when it denied his motion for a continuance to secure the testimony of a witness; (4) that he was denied a fair trial due to comments made by the court about witnesses and evidence; (5) the trial court abused its discretion when it allowed a Drug Enforcement Administration ("DEA") agent to testify about the local drug trade; (6) the trial court erred when it denied his motion for a new trial; and that (7) his sentence was unreasonable, because his sentence on the firearm conviction was consecutive, rather than concurrent. On March 28, 2006, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed petitioner's convictions and sentence.[4] See ECF No. 149. On May 2, 2006, Ferguson's petition for rehearing and rehearing *en banc* was denied. ECF No. 150. On October 2, 2006, the United States Supreme Court denied Ferguson's petition for writ of *certiorari.*[5]

**C. Motion to Vacate Pursuant to 28 U.S.C. §2255**

On November 6, 2009, petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 wherein he claimed, *inter alia,* that he was denied the effective assistance of counsel. ECF No. 177. Specifically, Ferguson asserted that counsel misled him to believe that he would face the same amount of time whether he went to trial or took a plea. By Memorandum Opinion and

[4] United States v. Ferguson, 172 Fed. Appx 539 (4th Cir. 2006).

[5] United States v. Ferguson, 172 Fed. Appx 539, ECF No. 97.

Order entered on January 3, 2011, the Court denied the § 2255 motion as barred by the statute of limitations. ECF Nos. 186, 187. Ferguson appealed. ECF No. 188. On May 24, 2011, the Fourth Circuit denied Ferguson's motion for a certificate of appealability and dismissed the appeal. ECF Nos. 191, 192. Ferguson's petition for writ of *certiorari* was denied on February 27, 2012.[6]

On May 29, 2018, Ferguson filed Motion to Vacate Judgment Pursuant to Fed.R.Civ.P. § 60(b)(6) and Motion to Reopen his § 2255 Motion in Light of Change of Law by Supreme Court in Buck v. Davis. ECF No. 210. By Memorandum Opinion and Order issued on April 29, 2021, the motions were denied. ECF Nos. 256, 257.

**D. Other Challenges to Petitioner's Conviction and/or Sentence**

On April 18, 2008, Ferguson filed a motion for appointment of counsel for purposes of filing a 18 U.S.C. § 3582(c) motion for sentence reduction. ECF No. 152. Counsel was appointed and on May 2, 2008, filed a Title 18 U.S.C. § 3582(c) motion for sentence reduction on Ferguson's behalf. ECF No. 154. By Order entered October 24, 2016, the motion was granted and Ferguson's previously imposed 765-month sentence (consisting of 405 months on Counts 1, 3, 4, a concurrent 240-month sentence on Count 6, and a consecutive 360 months sentence on Count 7) was reduced to 622 months (consisting of 262 months on Counts 1, 3, 4, a concurrent 240-month sentence on Count 6, and a consecutive 360-month sentence on Count 7). ECF No. 205.

On September 16, 2008, Ferguson filed a Motion for a New Trial pursuant to Fed.R.Crim.P. 33. ECF No. 158. By Memorandum Opinion and Order entered October 2, 2008, the motion was denied. ECF Nos. 159, 160. Ferguson appealed. ECF No. 161. On January 20, 2009, the Fourth Circuit Court of Appeals affirmed the decision of the district court. ECF Nos. 162, 163.

[6] United States v. Ferguson, Fourth Circuit Court of Appeals Case No. 11-6349, ECF No. 14.

On April 27, 2009, Ferguson filed a Motion for a New Trial (*Pro Se* Declaration and Authorization). ECF No. 165. By Memorandum Order entered May 27, 2009, the motion was denied and the Clerk was directed to send Ferguson § 2255 forms. ECF No. 166.

On July 9, 2009 Ferguson filed a Motion to Vacate Judgment pursuant to Fed.R.Civ.P. Rule 60(B)(4) & (6) with a memorandum in support. ECF Nos. 169, 170. By Memorandum Order entered August 6, 2009, the motion was denied. ECF No. 173.

On October 1, 2009, Ferguson filed a Motion to Correct Sentence Based on a Jurisdictional Defect. ECF No. 175. By Memorandum Order entered October 27, 2009, the motion was denied. ECF No. 176.

On April 6, 2020, Ferguson filed Motion for Appointment of Counsel Under the First Step Act of 2018. ECF No. 212.

On June 8, 2020, Ferguson filed a *pro se* Motion for Compassionate Release pursuant to 3582(c)(1)(A)(i), *inter alia*, arguing that the sentence for his § 924(c) conviction should not have started at a mandatory minimum of thirty . . . years . . . (because) [t]he only way the mandatory minimum can start at thirty is if a machine gun or silencer is charged in the indictment, under that

Count."[7] ECF No. 213 at 2. In support, Ferguson relied on O'Brien,[8] and Alleyne,[9] arguing that because a silencer was not charged in his indictment, he was not put on notice that he was facing

---

[7] The full text of 18 §924(c)(1)(A), B) and (C) is as follows:

> ((c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> **(B) If the firearm possessed by a person convicted of a violation of this subsection--**
>
> (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
>
> (ii) **is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.**
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall--
>
> (i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.

18 § 924(c)(1)(A), B) and (C) (emphasis added).

[8] See United States v. O'Brien, 560 U.S. 218 (2010) In O'Brien, the Court analyzed a portion of 18 U.S.C. § 924(c)(1)(B)(ii) and unanimously held that the fact that the firearm was a machine gun was an element of the offense to be proved to a jury beyond a reasonable doubt or admitted by a defendant, rather than a sentencing factor. The Court considered this same issue in Castillo v. United States, 530 U.S. 120 (2000), interpreting an earlier version of the statute, and held that the machine gun provision was an element of the offense. The Court reconsidered the issue in light of changes made to § 924(c) in 1998.

[9] See Alleyne v. United States, 570 U.S. 99 (2013), which held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added).

In the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); see also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See *e.g.,* Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-

a 30-year sentence. Id. He contended that pursuant to Alleyne and Apprendi, that he should be resentenced to the mandatory minimum of 5 years on Count 7 and that therefore, he was entitled to immediate release. Id. at 3. By Order entered Jun 11, 2020, the motion was docketed as a Motion for Compassionate Release Pursuant to § 603(b) of the First Step Act. ECF No. 215.

By Order entered June 11, 2020, the Motion for Appointment of Counsel Under the First Step Act of 2018 was granted. ECF No. 214. On January 22, 2021, counsel filed Ferguson's Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act, and on January 25, 2021, filed a memorandum in support. ECF Nos. 235, 238. On January 25, 2021, counsel filed a Motion to Reduce Sentence Pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 236. By Memorandum Opinion and Order entered April 29, 2021, the Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act was denied. ECF No. 258, 259. In the district court's Memorandum Opinion, the court noted in pertinent part that

> [i]n a remarkable effort to expand the compassionate release statute, Ferguson makes several other arguments. First, he argues that the Court should apply United States v. O'Brien . . .and Alleyne . . . to vacate his conviction on Count Seven or to reduce his sentence on that count to five years because the Indictment failed to specify the use of a silencer as an element of the offense. He also contends that his Fifth and Sixth Amendment rights were violated because (1) the Government failed to specify the silencer in the Indictment and thereby did not give him adequate notice of the potential punishment; (2) the Court failed to instruct the jury that it had to find the existence of a silencer beyond a reasonable doubt; and (3) the Government failed to advise him at the arraignment of the enhanced penalty on Count Seven and that the Court sentenced him under an incorrect guideline on Count Seven . . . . The statute, 18 U.S.C. § 3582(c)(1)(A) does not authorize relief for alleged errors at trial and sentencing in the way that Ferguson presses them here. **In essence, what Ferguson does here is attempt to file a second 28 U.S.C. § 2255 motion and he has not satisfied the requirements for doing that**. The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanisms for challenging the validity of a sentence. [The court concluded that **Ferguson] cannot proceed with a collateral attack on his sentence and thereby escape the time limitations and applicable rules for**

KKC, 2013 WL 4735583, at *4 (E.D. Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

> **collateral attack on sentences. The Defendant has already filed an unsuccessful motion under 28 U.S.C. § 2255 and has not sought the Fourth Circuit's authorization to file a second or successive motion and therefore the Court certainly has no jurisdiction over the claims that he now asserts in that capacity**.

ECF No. 258 at 10 – 13 (emphasis added). Petitioner appealed. ECF Nos. 260, 261. As of the date of this Report and Recommendation, that appeal[10] is still pending.

According to the Bureau of Prisons' online Inmate Locator, petitioner is now 44 years old with a projected release date of April 26, 2048.[11]

## III. Issues Presented

### The Petition

Ferguson's § 2241 petition is no model of clarity, but it appears that he again argues that because Count 7 of the unconstitutional Third Superseding Indictment made no mention of the 18 U.S.C. § 924(c)(1)(B)(ii) enhancement for a silencer on the gun that triggered the 30-year mandatory minimum sentence, he was wrongfully sentenced on that count for a violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 1 at 5. He explains that "at the end of trial, the Court provided the jury with a special verdict . . . [form] with a finding that there was a silencer." ECF No. 1 at 5. Once "the jury found the fact," the Court imposed the 30-year sentence. Id.

He contends that pursuant to O'Brien, his 30-year sentence should be vacated because 18 U.S.C. § 924(c)(1)(B)(ii) is an element of the "greater Section 924(c) offense" and not a sentencing factor, and therefore, the "*mens rea* requirement applies," and at trial, the Government did not prove that he knew "the nature of these devices." ECF No. 1-1 at 16 – 17. Further, he

[10] Ferguson's appeal is Fourth Circuit Court of Appeals Case No. 21-6733.

[11] See the Bureau of Prison's ("BOP") inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2021).

argues contends that "O'Brien is a substantive decision that applies on collateral review." ECF No. 1-1 at 17. He admits that Alleyne is not retroactive, but goes on to argue it anyway. Id. at 4, 16.

Ferguson further argues that the jury failed to prove that he was even aware of the presence of the silencer, thus, there was no proof of the necessary *mens rea* for him to have committed the offense. ECF No. 1-1 at 2, 5. In support of this argument, he relies on Rosemond[12] for the proposition that absent foreknowledge, a criminal defendant cannot be committed of a separate crime on a theory of vicarious liability, and that the Government must prove "advance knowledge that a confederate would possess that firearm, and the jury instructions must include that the defendant knew in advance that one of his cohorts would be armed." ECF No. 1-1 at 6 (internal quotations removed).

In response to the § 2241 form petition's question as to why Petitioner's remedy by way of § 2255 was not adequate or ineffective to test the legality of the detention, Ferguson stated "[t]he supreme court [sic] at the time Ferguson filed his § 2255 was not yet decided . . . it was not until the fourth [sic] Circuit permitted sentencing claims to be raised under the savings clause." ECF No. 1 at 9.

As relief, the petitioner requests that the Court "vacate the 30-year mandatory minimum sentence and resentence . . . [him] to the five-year mandatory minimum in count five [sic]." Id.

## IV. Standard of Review

### A. Review of Petitions for Relief

[12] Rosemond v. United States, 134 S.Ct. 1240 (2014). In Rosemond, which involved a jury trial, the Court held that the Government establishes that a defendant aided and abetted a § 924(c) violation by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. Rosemond at 1245-1251. The Court concluded that the trial court's instructions were erroneous because they failed to require that Rosemond knew in advance that one of his cohorts would be armed in telling the jury to consider merely whether Rosemond "knew his cohort used a firearm" the court did not direct the jury to determine when Rosemond obtained the requisite knowledge – *i.e.*, to decide whether Rosemond knew about the gun in sufficient time to withdraw from the crime.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. *Pro Se* Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**C. Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and

sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely . . . because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp. 2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics:

> (1) at the time of his conviction, the settled law this circuit or the Supreme Court established the legality of his conviction;
>
> (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and
>
> (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id.

In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W.Va. February 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014).

## V. Analysis

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241

petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

Although Petitioner alleges that he satisfies the § 2255(e) savings clause, he is mistaken. First, to the extent that Petitioner is challenging his § 924(c) conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted, the "machine gun clause" of 18 U.S.C. § 924(c)(1)(B)(ii), possession of a firearm equipped with a silencer in furtherance of a drug trafficking crime remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

As noted *supra*, the remedy provided under § 2255 is not rendered inadequate and ineffective if a prisoner presents a claim in a § 2255 motion but was denied relief, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. See In re Vial, 115 F. 3d at 1194 n. 5. Section 2255(e) states that a § 2241 petition "shall not be entertained" if certain circumstances are present, "unless" another condition is present. 28 U.S.C. § 2255(e). See Wheeler, 886 F.3d at 425. Thus, § 2255(e) "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." Wheeler at 425, *quoting* Williams v. Warden, 713 F.3d 1332, 1338 (11th Cir. 2013). To the contrary, a "plain reading of the phrase 'shall not entertain'" demonstrates that "Congress intended to, and unambiguously did strip the district court of the power to act . . . unless the savings clause applies." Williams at 1339.

With respect to Ferguson's challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Ferguson cannot meet the

second element of the Wheeler test, because any change to the settled law which established the legality of Ferguson's sentence has not been deemed to apply retroactively to cases on collateral review. Because Ferguson cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test. Because Ferguson attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy and he has improperly filed his petition under § 2241 with respect to his sentence.

Here, despite his request that this Court "vacate the 30-year mandatory minimum sentence and resentence . . . [him] to the five-year mandatory minimum in count five [sic]" [ECF No. 1 at 8], Ferguson also attacks the validity of his § 924(c) conviction on Count 7 in addition to the sentence[13] he received it, rather than the means of the execution of his sentence. Therefore, as petitioner well knows, given the April 29, 2021 decision denying his Motion for Compassionate Release Pursuant to § 603(b) of the First Step Act in the sentencing court [United States v. Ferguson, E.D. Va. Case No. 3:04cr13-1, ECF No. 258 at 11-13], this claim is the type of challenge that ordinarily must be brought under § 2255 and not § 2241.

In summary, because Ferguson cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider his petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

[13] On the first page of his court-approved form complaint, under the boxes to check under "[t]his petition concerns" petitioner checked only "a sentence," but not "a conviction" or any of the other choices offered. See ECF No. 1 at 1.

Finally, Ferguson's reliance on O'Brien and Rosemond are misplaced. Petitioner fails to establish O'Brien's retroactive applicability. In general, decisions that establish new rules of law are not applied retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 303, 310-11, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). Nothing in O'Brien suggests that the Supreme Court made the decision retroactively applicable to cases on collateral review, and the district courts have not recognized the decision as retroactive. Pullings v. Warden, 2012 U.S. Dist. LEXIS 44479 * 7 - *8; 2012 WL 1081074 (M.D. Fla. March 30, 2012) (collecting cases). See also United States v. Blaze, 458 Fed. Appx. 749, 751 (10th Cir. 2012)(same); Green v. United States, 2014 U.S. Dist. LEXIS 99542 * 3 - *4; 2014 WL 3646721 (E.D.N.C., July 22, 2014) (same) (*citing* to United States v. Moore, 432 F. App'x 762, 764-65 (10th Cir. 2011) (unpublished)). See also Smith v. Hollenback, 2015 U.S. Dist. LEXIS 101976 *4 - *5; 2015 WL 10891035 (E.D.N.C. Jan. 22, 2015)(The Supreme Court's rulings in O'Brien and Alleyne are not retroactively applicable to cases on collateral review). See also Gentile v. Fox, 2014 U.S. Dist. LEXIS 109989 at *22 - *23; 2014 WL 3896065 (C.D. Cal., July 11, 2014) (Courts have uniformly concluded that O'Brien does not have retroactive effect to cases on collateral review and that a claim based on O'Brien does not fall within the scope of the "savings clause")(collecting cases). See also United States v. Moore, 432 Fed. Appx. 762, 764-65 (10th Cir. 2011); Starks v. Warden, FCC Coleman-USP I, 552 Fed. Appx. 869, 870-71 (11th Cir. 2013); Parson v. Warden, FCI-Estill, 2018 U.S. Dist. LEXIS 203258 *4 (D.S.C. Aug. 28, 2018); McCray v. Warden, FCC Coleman-Low, 491 F.App's. 95, 97 (11th Cir. 2010); McCormack v. Grondalski, 2015 U.S. Dist. LEXIS 19794 *; 2015 WL 717958 (D. Mass. February 19, 2015. "O'Brien did not announce a new rule of law, because there, the

Supreme Court expressly noted that its statutory analysis was controlled by, and identical to, the analysis in Castillo v. United States, 530 U.S. 120, 120 S. Ct. 2090, 147 L. Ed. 2d 94 (2000)." Derrick v. Warden, FCC Coleman-Low, 589 Fed. Appx. 934, 2014 U.S. App. LEXIS 19249 (11th Cir. 2014).

Likewise, Rosemond is not retroactively applicable to cases on collateral review. In Rosemond, which was decided on direct rather than collateral review, the Supreme Court did not hold that its decision represented a new rule of law. A "new rule" is one that "breaks new ground," "imposes a new obligation on the States or the Federal government," or is otherwise not "dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301. Indeed, the Supreme Court was clear that its decision in Rosemond was dictated by established precedent. Rosemond, 134 S.Ct. at 1248-49. Furthermore, a new rule of constitutional procedure decided after a defendant's conviction becomes final generally may not be applied to that defendant's case on collateral review. See Teague, 489 U.S. at 310-311. While there are two exceptions to Teague, Rosemond does not fall within either of them. See Martinez v. U.S., 2014 WL 3361748 (N.D. Tex.)(*citing* Schirro v. Summerlin, 542 U.S. 348, 351-52). Rosemond did not announce a new "substantive" rule, namely a rule that places any individual conduct beyond the power of the United States to punish, or that prohibits the imposition of any type of punishment. Id. at 352. Furthermore, the rule announced in Rosemond does not qualify as a "watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (internal quotation marks and citations omitted). Finally, since the Rosemond decision, the Supreme Court has not held that it applies retroactively, and no circuit court has given it such effect. See Montana v. Cross, No. 14-cv-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014)(collecting cases).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 2, 2021

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE